## Case No. 13,869.
### THAYER v. JOHNSON COUNTY.
[3 Dill. 392, note.][1]
Circuit Court, D. Kansas. 1874.

ELECTION—CONDITION PRECEDENT—CURATIVE ACT.

The bonds in question were issued to the Kansas & Neosho Valley Railroad Company, or bearer, part dated in September, 1867, and the rest in June, 1868. There is no recital in the bond, except that it purports to be a "stock bond," and states that it is issued "by order of the board of commissioners of the county of Johnson." They are signed by the chairman of the board, attested by the clerk, and are under the seal of the county. The present questions arose on demurrer to several special pleas in the answer. The general nature of these pleas appears in the opinion.

Pratt & Ferry and C. W. Blair, for plaintiff.
Cobb & Cook, for defendant.

DILLON, Circuit Judge. I am of the opinion that the second count of the answer is insufficient. It does not deny that the plaintiff is a holder of the bonds in suit for value without notice. Part of the bonds were issued after the curative act of February 25, 1868 (Gen. St. Kan. 1868, p. 892). This act, it seems to me, validates the bonds thereafter issued as against the two objections urged against them, one of which is that the particular railroad company to which the subscription was to be made was not named in the order of submission, and the other, that the line of the road was not located through the county prior to the election. If the bonds issued in June, 1868, under the order and vote of 1865, are valid by reason of the curative act of February 25, 1868, I am inclined to think the bonds issued in 1867, under the same order and vote, are also made valid. But, however this may be, the plaintiff, as a presumed bona fide holder, may, under the doctrine of the supreme court of the United States, recover, as against the matters pleaded in the second count of the answer, no notice thereof to plaintiff being charged in this count.

The third count is like the second except that it charges notice to the plaintiff of the order of submission, and denies that the plaintiff is a holder for value. Under the statute under which the vote in question was taken the supreme court of the state has decided "that some corporation must be named (in the order for the vote) as the recipient of the subscription and bonds, or the proceeding will be without warrant of law and void." Lewis v. Commissioners of Bourbon Co. [12

Kan. 186]. As the plea in question alleges notice to the plaintiff of this order, it would, if this view be correct, and if the doctrine of the state supreme court were followed by this court, be a good defence. But as to the bonds issued since the curative act, and, as it seems to me, as to those issued before the same, they are validated by that act.

As the fourth plea does not charge notice to the plaintiff that the bonds were issued without any subscription having been made or stock received, it sets up no defence available against an innocent holder of the bonds for value.

The sixth and seventh pleas set up, the one the failure of consideration, and the other, the want of consideration, for the bonds in question, with notice to the plaintiff. These constitute good defences.

The result is that the demurrer to the second, third and fourth counts of the answer is sustained; as to the sixth and seventh counts, overruled.